White, C. J.
The main question in this case is, whether the government of the Cincinnati Hospital is vested in a board of hospital commissioners, as provided for in chapter 21 of the municipal code (66 Ohio L. 197), or in a board of trustees under the act of March 11, 1861, entitled “ an act regulating the Commercial Hospital of Cincinnati.” 58 Ohio L. 151.
The board of hospital commissioners is constituted of the mayor of the municipality and of four trustees appointed by him with the consent of the council. Th® board of trustees under the act of March 11, 1861, referred to, consists of the mayor of the city of Cincinnati, the director of the city infirmary eldest in commission, and five trustees, one of whom is to be appointed by the governor, two by the judges of the Superior Court of Cincinnati, and two by.the judges of the Court of Common Pleas of Hamilton county.
The defendants claim to derive their authority to govern and manage the hospital in question under the act of 1861, and no question is made as to their being the duly constituted board of trustees, if the act is valid and still in force.
But it is contended in support of the demurrer, first, that the act of 1861 is invalid, because in conflict with section 1, article 13, of the constitution; and, secondly, that if the act was valid when passed, it has been repealed.
The ground of the first objection is, that it is a special act conferring corporate power; and, as we understand the argument, is claimed not only to confer additional corporate power on the city of Cincinnati, but also to constitute the board of trustees a corporation.
We can not assent to this view. We discover nothing in the provisions of the act either constituting the trustees a corporate body or conferring power on a corporation already existing. The persons designated as trustees by the act constitute a board of officers to manage .an institution which the legislature, has authorized to be established and maintained for public purposes.
*444 "We deem it unnecessary to trace the history of the legislation under which the hospital was originally established and ¿has since been enlarged and maintained. Nor is it material whether the state contributed funds toward its erection, or whether it was built and is supported wholly from local taxation. There is no necessary connection between the instrumentalities which the legislature may put in operation to raise, by taxation, the necessary funds to found and support an institution for public purposes, and those which it may see proper to employ as its governing body. It seems to be supposed in the argument for the relator, that because the title to the property is vested in the city of Cincinnati, and the hospital has been built and is maintained under the corporate authority of the city, it therefore follows that the governing body must act under like corporate- authority. But such result by no means follows. It is left to the wisdom of the legislature to determine and prescribe through what officers or agencies the hospital is to be governed, subject, of course, to the constitutional inhibition, that if corporate power is employed for the purpose, it can not be done by special act.
No question can be made as to the hospital being a proper subject for local or municipal taxation; but whether any of the acts, conferring power upon the city in respect to it, are subject to be impugned as special acts, we are not called on in the present ease to decide. It is sufficient for this case, to say that the act of 1861 is not of that character.
The second objection is that the act of 1861 was repealed by section 297 of the municipal code of May 7, 1869. 66 Ohio L. 145, 199.
It is not claimed that there is an express repeal; but such is supposed to be the effect of the section by implication. "We do not think so. The leading design of the code, as shown by the first section, is to provide for the government of municipal bodies. And, in accordance with this design, chapter 21, of which section 297 forms part, is designed to apply to hospitals that are governed by munici *445 pa! authority under the general law, and is not intended to affect the authority of the 'trustees under the special act now in question. Under the rules of construction applicable in determining questions of repeals by implication, we think the two acts may well stand together. That the legislature did not, in fact, intend to affect the act of 1861, is apparent from the section as amended April 6, 1870. 67 Ohio L. 83.
In disposing of the objection upon this ground, it may be' remarked, we do not wish to be understood as conceding that section 16, article 2, of the constitution, is applicable to-repeals by implication. That question we are not called upon here to consider.
Our conclusion, therefore, is, that to so much of the plea, as sets up a claim in the defendants to hold the offices of members of the board of hospital commissioners, the demurrer must be sustained; and as to the rest of the plea, setting up a right in the defendants to govern the hospital as the board of trustees under the act of March 11, 1861,. the demurrer must be overruled.
Judgment will be entered in accordance with this-holding.